Wagner, J.
The action was brought to recover damages sustained to plaintiffs’ taxicab resulting from a collision with defendant’s automobile truck by reason of the defendant’s alleged negligence. It appeared that on July 3,1919, while the taxicab operated *618 by one of the plaintiffs in person, after proceeding west on Thirty-first street between Sixth and Seventh avenues, had reached the curb line of the latter avenue, the driver looked north and south and saw defendant’s truck proceeding north on Seventh avenue on the car tracks. At that time the truck was about one hundred feet south of Thirty-first street traveling at the rate of eighteen to twenty miles per hour. The plaintiff! then proceeded to cross Seventh avenue going about eight to ten miles an hour, and had almost cleared the north-bound ear tracks on which the defendant’s truck was proceeding, when its left rear wheel was struck by defendant. The nearest car track from a point when the plaintiff looked and saw the truck when one hundred feet distant was about fifteen or eighteen feet from the position in which the plaintiff then was. It therefore appeared that while traveling at a rate of eight to ten miles per hour the taxicab had to traverse a distance of a little more than fifteen or eighteen feet while the defendant’s motor truck was traveling one hundred feet distant at an eighteen or twenty mile rate, in order to cross the intersection with safety. The plaintiff’s testimony was corroborated in the above respects by the chauffeur of another taxicab, who was driving along Seventh avenue parallel to the defendant’s truck, and who witnessed the collision. No proof was offered by the defendant. The case was submitted to the jury by the learned trial justice in a comprehensive and clear charge dwelling fully upon the facts, and correctly stating the law applicable thereto, who rendered a verdict for the plaintiffs. The decision of the defendant’s motion to set aside the verdict was reserved and subsequently granted by the trial justice on the ground that the plaintiff was guilty of contributory negligence as a matter of law.
*619 To justify a finding of contributory negligence as matter of law, it must be conclusively established that the plaintiff was negligent, to be determined in the light of all the facts of the case. In other words, before warrant may be given to such a conclusion, the evidence must be such as to justify absolutely no other inference than that plaintiff has failed to exercise reasonable care. In the event that other inferences are reasonably deducible from the evidence, the court has no power to deal with this question, but must remit it for determination to the triers of fact.
The learned trial justice’s decision in setting aside the verdict as disclosed by his opinion was equivalent to a holding that the law imposed upon the plaintiff under the circumstances at bar the obligation and duty of either slowing up or going faster than eight or ten miles an hour, when he saw the truck one hundred feet away from him. We do not think that such obligation or duty was cast upon him as matter of law. Under the circumstances of the case, the question of his negligence was for the jury. Whether his assumption that a safe passage could be effected was the act of a reasonably prudent and careful driver in the situation presented was an issue of fact upon which the minds of men might differ. Feigen v. Malbin, 171 N. Y. Supp. 245.
The fact that the defendant was proceeding northerly did not ipso facto afford to him the right of way. That depended, as the ordinance provides, upon the imminency of a collision where neither vehicle altered its speed in approaching a common crossing. It is only when in the exercise of reasonable care and foresight it becomes apparent that a collision is likely to occur the one must give way. Even then as said by Shearn, J., in Boston Insurance Co. v. Brooklyn Heights Railroad Co., 182 App. Div. 9: “ The rule is *620 not arbitrary and confers no absolute rights. It takes into account the exercise of reasonable judgment, the obligation of drivers of vehicles to have their vehicles under reasonable control at street crossings and the obligation to avoid inflicting injury upon another where it may be avoided in the exercise of reasonable care. ’ ’
We think the evidence permits an inference, as the jury found, that the plaintiff was not guilty of contributory negligence, and we see no valid reason for the trial court’s disturbing or overriding' their ultimate judgment in that respect.
The order must be reversed, with thirty dollars costs to appellants, the verdict reinstated, and judgment entered thereon with appropriate costs to the appellants in the court below.
Guy and Finch, JJ., concur.
Judgment reversed, with' thirty dollars costs to appellants.